Ramon L. **FERNANDEZ–MALAVE**, Plaintiff

v.

**UNITED STATES**, Defendant.

**Civil No. 05–1097 (DRD).**
**Criminal No. 97–076 (DRD).**

United States District Court,
D. Puerto Rico.

June 30, 2007.

Ramon L. Fernandez-Malave, Penuelas, PR, pro se.

Nelson J. Perez-Sosa, San Juan, PR, for Defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

### I. Procedural Background

Pending before this Court is a *Motion to Vacate, Set Aside or Correct Criminal Sentence Pursuant to 28 U.S.C. 2255* (Docket No. 1), filed by Petitioner Ramon L. Fernández Malavé on January 26, 2005. In this *pro se* motion, Petitioner argues that he is being held unlawfully on three grounds. First, Petitioner claims that the government biased the Grand Jury when it presented hearsay evidence. Next, Petitioner asserts that the government presented evidence from a previous state prosecution in violation of the dual sovereignty doctrine. Finally, Petitioner alleges that the government violated the Confrontation Clause when it allowed testimony based upon information from a deceased declarant without affording Petitioner the opportunity to confront the declarant.

In response to the Petitioner's motion, the government filed a *Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence* (Docket No. 4) on June 29, 2005. In this response, the government objects to the Petitioner's three grounds, asserting that his claims are without merit since a prisoner may not use a § 2255 petition to relitigate matters previously raised on appeal, or that he could have presented on direct appeal.

In his *Reply to Response to Motion* (Docket No. 5), the Petitioner asserts that his original three claims were not raised on direct appeal. Furthermore, the Petitioner claims that this failure was a result of ineffective assistance of counsel. Therefore, the Petitioner asks leave to amend his original petition to include a fourth claim for ineffective assistance of counsel. The Petitioner also asks that the court provide him with legal assistance for discovery purposes.

On June 14, 2006, this case was referred to Magistrate Judge Carmen Velez–Rive for a Report and Recommendation on the Petitioner's § 2255 claim and all related motions (Docket No. 7). The Magistrate Judge recommended that the § 2255 petition (Docket No. 1) be denied for lack of merit in her *Report and Recommendation* (Docket No. 9) of March 29, 2007.

On April 20, 2007, the Petitioner filed an *Objection to the Report and Recommendation* (Docket No. 12). In this objection, the Petitioner claims that the issues presented in his original § 2255 petition are not identical to those presented on direct appeal. Additionally, the Petitioner asserts that the Supreme Court's decision in *Crawford v. Washington* marked a significant change in the jurisprudence regarding the admissibility of out-of-court statements.[1] The Petitioner asks that the Court hear his Confrontation Clause claim based on this change, arguing that it marks a shift which affects the admissibility of two co-conspirators' testimony, which

---

1. *Crawford v. Washington,* 541 U.S. 36, 69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

they based upon information from the deceased declarant, Rodríguez–López. Additionally, the Petitioner renews his plea for appointment of counsel. The Petitioner also filed an additional *Objection to the Report and Recommendation* (Docket No. 13) on April 30, 2007, restating once again his objection to the dismissal of the Confrontation Clause hearsay claim and renewing his ineffective assistance of counsel claim under *Strickland v. Washington*[2].

For the reasons stated below, the Court accepts and adopts the Magistrate Judge's *Report and Recommendation* (Docket No. 9). Additionally, the Court rejects the Petitioner's argument that this Court should reexamine his Confrontation Clause hearsay claim in the wake of *Crawford*.[3] Accordingly, the *Motion to Vacate, Set Aside or Correct Criminal Sentence Pursuant to 28 U.S.C. 2255* (Docket No. 1) filed on a *pro se* basis by Ramon L. Fernandez–Malave is **DENIED.** The Court explains.

## II. Magistrate Judge's Recommendation and Analysis

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); L.Civ.R. 72(b); *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, an adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections within ten (10) days after being served a copy thereof. FED. R.CIV.P. 72(b); L.Civ.R. 72(d). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations make by the magistrate.

28 U.S.C. § 636(b)(1). In the instant case, the *Report and Recommendation* (Docket No. 9) correctly and clearly points out that any objections to the Magistrate Judge's order must be filed with the Clerk of Court "within ten (10) days after being served with a copy [thereof]." 28 U.S.C. § 636(b)(1) (2005); L.Civ.R. 72(c).

■■■ Any written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." L.Civ.R. 72(c). "Failure to file objections within the specified time waives the right to appeal the District Court's order." *U.S. v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir. 1986). Additionally, claims which are "not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). Thus, timely objections are required in order to challenge the findings of a magistrate's recommendation, as well as the magistrate's failure to make additional findings. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994). Additionally, only objections to the magistrate's recommendation which are specified are preserved. *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993). Therefore, the objecting party is only entitled to a *de novo* review of the issues which are specifically raised by the objection. *See, e.g. U.S. v. Valencia–Copete*, 792 F.2d 4, 6 (1st

---

**2.** *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**3.** 541 U.S. at 69, 124 S.Ct. 1354.

**238**

Cir.1988); *See also Gioiosa v. U.S.,* 684 F.2d 176, 178 (1st Cir.1982).

In the instant case, the Petitioner filed two objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 9). These two objections encompass the three original grounds, as well as the fourth claim of ineffective assistance of counsel and the plea for legal assistance provided by the court. Thus, the Petitioner will receive a *de novo* review of all four grounds as well as his request for appointment of counsel. *See Gioiosa,* 684 F.2d at 178.

After conducting a *de novo* review of the record, the Court finds that the *Report and Recommendation* (Docket No. 9) thoroughly and correctly addressed the issues presented by defendant in its motion, except as herein clarified. Accordingly, for the reasons stated below, the Court now **ADOPTS** *in toto* the Magistrate's Report and Recommendations and thus **DISMISSES WITH PREJUDICE** all of Petitioner's federal claims and **DENIES** Petitioner's request for appointment of counsel.

### A. Issues Raised or Waived upon Direct Appeal

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court where the imposing court acts in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. The court may also grant relief where the court imposing the sentence was without jurisdiction to do so, or where the sentence was "in excess of the maximum authorized by law, or ... otherwise subject to collateral attack." *Id.*

█ A § 2255 motion is not a substitute for direct appeal; therefore, it carries higher standards which the petitioner must clear in order to bring a valid claim. *U.S. v. Frady,* 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *U.S. v. Ad-*

*donizio,* 442 U.S. 178, 184–85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Hence, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." *Singleton v. U.S.,* 26 F.3d 233, 236 (1994) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 633, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Once a criminal defendant exhausts his right to a direct appeal, the presumption is that his conviction is fair and final. *Frady,* 456 U.S. at 164, 102 S.Ct. 1584. Thus, as the Magistrate Judge correctly stated, issues raised on direct appeal, those already resolved, and those considered waived are barred in post-conviction motions. *U.S. v. Escobar-de Jesus,* 187 F.3d 148, 159–162 (1st Cir. 1999). In a collateral attack, the petitioner is therefore barred not only from relitigating issues already rejected upon direct appeal, but also from litigating issues which could have been, but were not raised in direct appeal absent an intervening change in the law. *Davis v. U.S.,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *see also Singleton v. U.S.,* 26 F.3d 233, 240 (1st Cir.1994).

█ When a defendant procedurally defaults on a claim via failure to raise it on direct appeal, "the claim may be raised ... only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. U.S.,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (internal citations omitted); *see e.g. Massaro v. U.S.,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (stating that claims which were not raised on direct appeal "may not be raised on collateral review unless the petitioner shows cause and prejudice"). "Cause" must be measured against a stringent standard of diligence, and "ordinarily requires a showing of some external impediment preventing counsel from constructing or rais-

ing a claim." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Therefore, the existence of cause for procedural default purposes depends on the prisoner's ability to show that an objective factor external to the defense impeded compliance with procedural rules. *Id.* In order to show actual prejudice after proving cause, the petitioner must show a reasonable probability that the trial's result would have been different if the claimed errors in procedural default had not occurred. *Strickler v. Greene,* 527 U.S. 263, 283, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). This "resulting prejudice must create an actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170, 102 S.Ct. 1584. Where the petitioner cannot prove cause and actual prejudice, he may also overcome procedural default by demonstrating his actual factual innocence. *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604. In order to establish actual innocence, petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quotations and citation omitted).

■ Petitioner's first claim is that the Grand Jury returned the Superseding Indictment based upon hearsay evidence. Here, the Court finds that Magistrate Judge Velez–Rive correctly determined that most errors before a Grand Jury are rendered harmless by a conviction at trial. *U.S. v. Reyes–Echevarría,* 345 F.3d 1, 4 (1st Cir.2003). Thus, "[o]nly a defect which is so fundamental that it causes the grand jury to no longer be a grand jury, or the indictment to no longer be an indictment" is sufficient to invalidate a subsequent conviction. *Midland Asphalt Corp. v. U.S.,* 489 U.S. 794, 802, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). Fernández Malavé's conviction stands under the Su-

perseding Indictment, rather than the original Indictment, which was partially based on the perjured testimony of Rodríguez López. The Grand Jury returned a Superseding Indictment, object of the verdict, based on the testimony of a federal agent, who presented evidence that Rodríguez López's testimony was perjured. The petit jury subsequently found the defendants, including the Petitioner, guilty beyond a reasonable doubt of the charges alleged in the Superseding Indictment. Thus, even if the federal agent's testimony was hearsay, conviction by the jury rendered this potential evidentiary mistake harmless where the testimony served primarily to correct prior error rather than introduce new evidence against the accused. *See Reyes–Echevarría,* 345 F.3d at 4; *see also Midland,* 489 U.S. at 802, 109 S.Ct. 1494.

Furthermore, although Petitioner had the opportunity to contest the Superseding Indictment as to the hearsay evidence which he claims existed, the Magistrate Judge correctly states that he failed to avail himself of this opportunity upon direct appeal. Petitioner did, however, contest the initial presentation of the perjured testimony before the Grand Jury. Prior to the original Indictment, the Court of Appeals addressed this argument, and decided that it was "harmless and [did] not warrant any remedial action." *U.S. v. Soto–Beníquez,* 356 F.3d 1 (1st Cir.2004). The Court agrees with the Magistrate Judge's findings on this issue. The Petitioner had ample opportunity to contest the alleged hearsay evidence in the same manner as he contested the perjured testimony, but failed to avail himself of this opportunity. Therefore, in the absence of an intervening change in law, a showing of cause and prejudice, or of actual innocence, the Court finds this portion of the § 2255 claim is in procedural default. *See Bousley,* 523 U.S. at 622, 118 S.Ct. 1604.

The Court also agrees with Magistrate Judge Velez–Rive's conclusions regarding admission of Petitioner's guilty plea in State Court for the murder of Dones Sánchez. The Court of Appeals determined that the admission of Petitioner's guilty plea was not plain error despite potential Rule 403 concerns, and was therefore not an abuse of discretion. *Soto–Beníquez*, 356 F.3d at 33. Consequently, this portion of Petitioner's argument was duly previously resolved upon direct appeal and consequently plaintiff may not raise the argument anew in this § 2255 claim. *See Escobar de–Jesus*, 187 F.3d at 159–62. For the reasons above, Magistrate Velez–Rive properly and correctly found the dismissal of the Petitioner's hearsay and dual sovereignty claims were duly addressed at the appeal procedures and hence denied in a § 2255 petition.

▇▇▇ In his opposition, Petitioner states that the Magistrate Judge failed to address his Confrontation Clause claim concerning the admission of hearsay evidence regarding Dones Sánchez's murder. In the instant case, Petitioner claims that when two co-conspirators testified against him, they based their testimony on information provided by a deceased witness, Rolón Talavera. Petitioner asserts a Confrontation Clause claim here because he was not afforded the opportunity to confront Rolón Talavera. In Petitioner's opposition, he attempts to link his prior failure to raise this claim with an intervening change in case law in order to take advantage of the exception laid out in *Davis*. *See* 417 U.S. at 342, 94 S.Ct. 2298. As presented to the Court, Petitioner's argument is fatally flawed. Although *Davis* describes an exception for claims which are otherwise barred by procedural default in a § 2255 motion, this exception does not apply here. *See id.* Petitioner cites *Crawford* as the change of law which entitles him to a hearing on the Confrontation Clause portion of his § 2255 claim. *Craw-*

*ford*, 541 U.S. at 69, 124 S.Ct. 1354. Even if *Crawford* were to apply to the facts here (an issue which the Court refrains from deciding), the decision in *Crawford* is empathetically not retroactively applicable for the purposes of collateral review. *Whorton v. Bockting*, —— U.S. ——, 127 S.Ct. 1173, 1184, 167 L.Ed.2d 1 (2007). Therefore, the Petitioner may not cite the change in law argument in order to bypass the procedural default which stems from his prior failure to assert the Confrontation Clause claim. Consequently, Petitioner's Confrontation Clause claim is in procedural default and may not be raised here.

## B. Ineffective Assistance of Counsel

The Court adopts Magistrate Judge Velez–Rive's assessment of the Petitioner's fourth claim, ineffective assistance of counsel. Petitioner avers that any procedural default which he incurred was the result of ineffective assistance of counsel, and that, therefore, he is entitled to post-conviction relief.

The legal standard applicable to a claim of ineffective assistance of counsel is simple and clear, in the form of a two-pronged test. In order to prevail, the petitioner must first show that the counsel's performance fell below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In order to determine what conduct is objectively unreasonable under prevailing professional norms, counsel's performance is examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *U.S. v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991). Under this determination, the "range of reasonable professional assistance" is wide and "[j]udicial scrutiny of counsel's performance must be highly def-

erential." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

After the petitioner makes a showing of objective unreasonableness, he must then prove that actual prejudice resulted from this unreasonableness. *Id.* at 687, 104 S.Ct. 2052; *See also López–Nieves v. U.S.,* 917 F.2d 645, 648 (1st Cir.1990). This second prong demands that the petitioner affirmatively "show that there is a reasonable possibility that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

The Court agrees with the Magistrate Judge's conclusion that, because Fernández Malavé's § 2255 petition is entirely devoid of merit, there was no error by defense counsel which amounted to objectively determined unreasonable professional assistance. Petitioner proffers no other evidence showing that counsel's performance was sub par. Therefore, Petitioner's claim of ineffective assistance of counsel is dismissed as unsubstantiated.

### C. Appointment of Counsel

 The Court also adopts Magistrate Judge Velez–Rive's position regarding the Petitioner's motion requesting appointment of counsel. Situations where the appointment of counsel for a § 2255 petitioner is appropriate are very rare, and such appointment is typically reserved for truly complex and legally subtle cases. *See e.g. U.S. v. Mala,* 7 F.3d 1058, 1063–64 (1st Cir.1993) (holding that where appellant presented a factually complex and legally intricate claim and was understandably hampered in his ability to investigate the undeveloped facts relating to his claim, the interests of justice support the appointment of counsel for a § 2255 claim). The Court agrees with the Magistrate Judge's determination that the circumstances of this Petitioner's claim lack the complexity that would render appointment of counsel appropriate in the interest of justice. In fact, this claim not only lacks complexity, but also lacks merit as well. Thus, the motion requesting appointment of counsel is **DENIED.**

### D. Hearing on Petitioner's § 2255 Motion

 The petitioner failed to convince the Magistrate Judge that he deserves a hearing on his § 2255 motion, and the Court concurs with this decision. A hearing on a petitioner's § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C.A. § 2255. Therefore, a court may dismiss such a petition without a hearing where, even operating under the assumption that the petitioner's allegations are true, the petitioner would not be entitled to relief, or where the court cannot accept the petitioner's allegations as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir.1990) (quoting *Myatt v. U.S.,* 875 F.2d 8, 11 (1st Cir.1989); *see e.g. U.S. v. Rodríguez Rodríguez,* 929 F.2d 747, 749– 50 (1st Cir.1991); *see also U.S. v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993)).

The Petitioner failed to establish that any of his claims were not raised or waived upon direct appeal. Petitioner fails to convince the court that his § 2255 motion is meritorious and that he may be entitled to relief. Hence, Plaintiff fails to reach the required threshold. Consequently, the Petitioner is *not* entitled to an evidentiary hearing.

### III. Conclusion

In conclusion, all four of the claims which Petitioner raised in his original petition (Docket No. 1) and in his reply to the

opposition's response (Docket No. 5) lack merit as they were addressed upon direct appeal, or are in procedural default. Additionally, Petitioner failed to convince the Court that any failure to properly address any of these claims was the result of ineffectiveness of counsel or that the court should assign counsel to the Petitioner for this claim. Finally, as the Petitioner does not present any meritorious § 2255 claim, Petitioner is not entitled to a hearing on his motion.

For the reasons stated above, the petitioner's *Motion to Vacate, Set Aside or Correct Criminal Sentence Pursuant to 28 U.S.C. 2255* is **DENIED *in toto*** and his claim is **DISMISSED WITH PREJUDICE.** Judgement shall be entered accordingly.

**IT IS SO ORDERED.**