**Omar E. RODRIGUEZ–RIVERA, Petitioner**

v.

**UNITED STATES of America, Respondent.**

**Civil 12–1486CCC.**

United States District Court, D. Puerto Rico.

Signed July 13, 2015.

Omar E. Rodriguez–Rivera, Talladega, AL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### ORDER

CARMEN CONSUELO CEREZO, District Judge.

Petitioner Omar E. Rodríguez–Rivera was convicted on two counts of interfering with interstate commerce by threats or violence in violation of 18 U.S.C. § 1951 and sentenced on February 17, 2005 to serve two consecutive terms of 240 months of imprisonment. On June 19, 2012, more than 5 years after his convictions and sentences became final subsequent to his direct appeal, he filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (D.E. 1) claiming that his trial counsel was ineffective. A detailed description of the facts of his criminal case, Crim. No. 04–158, and of the issues raised in his direct appeal which were ultimately rejected by the Court of Appeals, can be found in *United States v. Rodríguez–Rivera,* 473 F.3d 21 (1st Cir.2007). The 28 U.S.C. § 2255 Motion was opposed by the United States (D.E. 3), and a reply brief (D.E. 4) and "supplemental authority" (D.E. 5) were subsequently filed by petitioner. Before the Court now is the Report and Recommendation filed by U.S. Magistrate–Judge Justo Arenas on August 11, 2014 (D.E. 8), to which petitioner objected on September 29, 2014 (D.E. 12).

Having thoroughly considered the Magistrate–Judge's Report and Recommendation and petitioner's objections to the same, as well as the applicable law and jurisprudence, we APPROVE said Report and ADOPT its recommendation since we are in full agreement with its finding that the § 2255 Motion is time-barred since it was filed way beyond the statutory limitations period of one-year from the date his judgment of conviction became final and unappealable on April 10, 2007 and there are no extraordinary circumstances present which would justify an equitable tolling of this limitations period. Accordingly, petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (D.E. 1) is DENIED as time-barred. Judgment shall be entered DISMISSING this action.

SO ORDERED.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTO ARENAS, United States Magistrate Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2004, petitioner Omar E. Rodriguez–Rivera was charged in a six-

count indictment with conspiracy to interfere with commerce by threats or violence, and aiding and abetting in using weapons in those robberies. Count One charges petitioner with participating in a conspiracy with two other persons not charged in this indictment, Elin Lugo Echevarria and Samuel Santos–Ortiz, and others known and unknown to the grand jury, to unlawfully obstruct, delay and affect commerce as that term is defined according to Title 18, *United States Code*, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, *United States Code*, Section 1951(b)(1), by unlawfully taking or obtaining property consisting of money belonging to Narbel's Café & Bar, in Guayama, Puerto Rico from the person of or in the presence of the possessor of said money, against his will by means of actual or threatened force, violence, or fear of injury, immediate or future, to his person or the person of a relative or member of his family. All in violation of Title 18, *United States Code*, Sections 1951(a) and 2. (Crim. No. 04–0158, Docket No. 2). Count Two is the corresponding aiding and abetting charge. Count Three charges petitioner and the same two others who are not indicted with knowingly using or carrying firearms, as the term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a crime of violence as that term is defined in Title 18, United States Code, Section 924(c)(3) to wit: interference with commerce by robbery, an offense for which they may be prosecuted in a Court of the United States, as charged in Count Two, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2. (Crim. No. 04–0158, Docket No. 2 at 2–3). Counts Four through Six trace similar criminal activity with the same players on a different date where the victims are "V. Suarez & Co., Inc.", which had purchased beer from Coors Light Brewing Company located in Memphis, Tennessee, a Puerto Rico trucking company, "Ponce Safety Corporation", and a beer truck driver Jose Vazquez Feliciano, who at the relevant time was distributing a quantity of Coor Light Beer. The predicate crimes occurred during the spring and summer of 2001. In each one, a victim was killed. Samuel Santos–Ortiz did the killings.

After garden-variety motion practice, the jury trial began on July 27, 2004. (Crim. No. 04–0158, Docket No. 25). A special verdict was returned August 12, 2004. (Crim. No. 04–0158, Docket No. 39). *See Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Petitioner was convicted on two counts, and was sentenced on February 17, 2005 to two consecutive terms of 240 months imprisonment. (Crim. No. 04–0158, Docket No. 57). Petitioner filed a notice of appeal on the following date. Judgment was entered by the United States Court of Appeals for the First Circuit on January 10, 2007. As a result of that judgment, the conviction and sentence of petitioner were affirmed. *United States v. Rodriguez–Rivera,* 473 F.3d 21 (1st Cir.2007). No petitioner for a writ of certiorari was filed. Therefore, the conviction became final ninety days after the court of appeals affirmed the judgment of conviction. *See Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Ramos–Martinez v. United States,* 638 F.3d 315, 319 (D.P.R.2011); *Cruz–Delgado v. United States,* 2014 WL 645736 at *1 (D.P.R. February 19, 2014).

On appeal, petitioner raised issues under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as well as a sentencing issue and procedural trial issues related to the treatment of defense counsel by the trial judge. The court entered into great detail about all of the

issues raised and found them to be without merit. *United States v. Rodriguez–Rivera*, 473 F.3d at 25–30.

## II. MOTION UNDER 28 U.S.C. § 2255.

This matter is before the court on motion filed by petitioner Omar Rodriguez–Rivera on June 19, 2012 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition to the motion on September 24, 2012. (Docket No. 3.) Petitioner filed a reply to the response on October 15, 2012. (Docket No. 4.) Supplemental authority was filed by petitioner on November 26, 2012. (Docket No. 5).

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate, set aside or correct sentence be DENIED.

Petitioner argues that his inexperienced attorney rendered ineffective assistance as reflected by the observations of the trial judge. Defense counsel's failure to investigate the case, to interview and call witnesses, and to contest the court's subject matter jurisdiction are all raised by petitioner. Petitioner informs that counsel did not challenge the admission of co-conspirator statements, and also notes that the government's key witness gave a different testimony at a later proceeding in state court.

Petitioner prefixes the substance of his argument by emphasizing the timeliness of this motion. He notes that an affidavit from Samuel Santos–Ortiz is dated September 15, 2011 [1] and that therefore this petition is timely because it was filed within one year of that affidavit.[2] He further argues that he does not speak or understand English, and must therefore rely on others to inform him of his rights. Nobody told petitioner that he had one year from April 10, 2007 to file his petition. He then goes into a discussion of the requirements of equitable tolling. *See Ryan v. Gonzales,* —— U.S. ——, 133 S.Ct. 696, 704 n. 6, 184 L.Ed.2d 528 (2013)

Petitioner presents new facts upon which he bases his request for collateral review and relief. The affidavit from Samuel Santos–Ortiz exonerates petitioner's involvement in the Narbel bakery robbery as well of the Coors truck robbery.[3] An affidavit from defense counsel Jorge Armenteros–Cervoni notes that this was his first federal trial without help and that he admits it was error not to call Santos–Ortiz to testify for the defense.[4] Petition-

---

1. A review of the affidavit reveals no year for its signing, only the date September 15. The notary's commission expires on August 28, 2015 and the document is filed on June 19, 2012 so the closest year to the signing would have been 2011. (Docket No. 1–2).

2. The affidavit of Samuel Santos–Ortiz states that he was shocked to learn that Elio (Elin) was cooperating with federal authorities to reduce his sentence and involved persons that had nothing to do with the acts for which Santos–Ortiz was accused. (Docket No. 1–2 ¶ 4). Santos–Ortiz was not aware that Elin had testified to so many lies which placed innocent people in prison. He completely exculpates petitioner from any wrongdoing

and describes him as being a hardworking fellow, and that he is not known to have any vices. (Docket No. 1–2 ¶¶ 5, 6).

3. Samuel Santos–Ortiz initially faced the death penalty (Crim. 01–0623, Docket No. 15). He entered a guilty plea on March 14, 2002 for a violation of 18 U.S.C. § 924(j)(1), basically first degree murder, and was sentenced to imprisonment for the remainder of his natural life on February 14, 2003. (Crim. 01–0623, Docket No. 15). An amended judgment did not change that sentence. (Crim. 01–0623, Docket No. 94).

4. An undated statement made under penalty of perjury by attorney Jorge Luis Armenteros-

er attests in an affidavit that he was mislead by counsel into thinking that counsel would represent him in this collateral review. He notes that counsel did not discuss with him whether he wished to testify in his own defense.[5] A jurisdictional issue is also raised. He concludes that he is entitled to relief based upon the cumulative effect of the errors sustained by his trial attorney Jorge Armenteros–Cervoni.

On September 24, 2012, the government filed a response in opposition to the petitioner's motion stressing that the petition is untimely and should be summarily denied. (Docket No. 3). The government notes the exonerating affidavit of Samuel Santos–Ortiz, who perpetrated the robberies and the killings of the Coors truck driver and of the owner operator of the Narbel Café & Bar in Guayama, and who now denies that petitioner was involved in the planning or organizing of the crimes. It also notes petitioner's affidavit where he states that he had told counsel to call Samuel Santos–Ortiz as a witness, and argues that counsel made the strategic choice not to call the witness. But ulti-

mately the government relies on the lack of timeliness in its argument. (Docket No. 3).

Petitioner filed a reply to the response on October 15, 2012. (Docket No. 4). Petitioner repeats his argument and goes into more details, but stresses that the unique circumstances presented justifies the lack of diligence sufficient to warrant equitable tolling in the interest of justice. He also stresses that he is entitled to an evidentiary hearing.

Finally, petitioner submitted supplementary authority on November 26, 2012, citing *Perkins v. McQuiggin*, 670 F.3d 665 (6th Cir.2012) in support of the timeliness of his motion, with the notation that the supporting affidavit is timely if the allegation is one of actual innocence. (Docket No. 5). In that case, as in this case, three affidavits were submitted years after the limitations period had expired. A month before petitioner's submission, a petition for writ of certiorari had been granted. *McQuiggin v. Perkins*, —— U.S. ——, 133

---

Cervoni states that this was his first solo federal jury trial, and the second one in this court. In retrospect, he feels that among the things he did that contributed to petitioner's conviction was he never officially cited Samuel Santos, the third person who allegedly conspired with petitioner to make the corresponding assault. After his conviction in this court, petitioner was processed in state court for the same facts. He notes that when he had asked the trial judge to bring Santos–Ortiz to court, he was told that he had not followed the procedure, and therefore he did not bring Santos–Ortiz to testify. He attests that he believed that he could acquit petitioner without the presence of Santos–Ortiz. (Docket No. 1–2 at 4). He does not state that without the presence of Santos–Ortiz, he won acquittals on four of six charges, two of which carried life sentences as possible penalties.

5. Petitioner charges defense counsel with misleading him into believing that he would represent petitioner in this collateral proceed-

ing. Cf. *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 922–23, 181 L.Ed.2d 807 (2012). He notes that Elin testified against him in both trials. In the second trial in state court, Elin testified that he did not known exactly where petitioner or his mother resided while in the first trial he testified that Santos Ortiz returned "a gun in the charged offense" at petitioner's house. (Docket No. 1–2 at 2). Petitioner notes that the delay is due thus far in counsel's random efforts to get the records transcribed free of cost from the local trial, a trial where petitioner was totally acquitted. He also notes that he was not told he had the right to testify on his own behalf and he would have done so since he has no criminal record. He also notes that at the time of the offense, The Narbel Café and Bar did not openly advertise that they also cashed checks. Like the Bakery, Narbel Café & Bar was not licensed nor authorized to operate a check cashing business. This fact was noted in the trial where petitioner was acquitted. (Docket No. 1–2 at 3).

S.Ct. 527, 184 L.Ed.2d 338 (2012). Last year the opinion relied upon by petitioner was vacated and the case remanded. *McQuiggin v. Perkins,* —— U.S. ——, 133 S.Ct. 1924, 1936–37, 185 L.Ed.2d 1019 (2013).

## III. LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. 28 U.S.C. § 2255(f). The current petition was clearly filed well over a year from the date petitioner's sentence became final and unappealable. However, the inquiry does not necessarily stop there.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2255 reads:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Notwithstanding his attention to this threshold issue, the petitioner does not describe any extraordinary circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Santana v. United States,* 980 F.Supp.2d 126, 136 (D.P.R.2013); *Ramos–Martinez v. United States,* 638 F.3d 315, 321–24 (1st Cir.2011). To carry the burden of establishing the basis for equitable tolling, the petitioner must show " ' " (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." ' " *Id.* at 323, quoting *Holland v. Florida,* 560 U.S. 631, 645, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), which in turn quotes *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see Lattimore v. Dubois,* 311 F.3d 46, 55 (1st Cir. 2002); *Trenkler v. United States,* 268 F.3d 16, 25 (1st Cir.2001); *Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001); *Medina–Santiago v. United States,* 2014 WL 3509828 at *2 (D.P.R. July 14, 2014). There are no extraordinary circumstances present which support a favorable invocation of petitioner's entitlement to equitable relief. Many of petitioner's complaints stem from facts which petitioner knew at trial and could have been raised on appeal, or if not, sooner than four years late, such as the cumulative effect of counsel's errors due to his inexperience. Indeed, the great need to call Santos–Ortiz could have been raised as an issue in a timely fashion. But a review of the affidavits leaves the court to speculate when exactly knowledge was acquired, during a period of 1,500 days, about any of the events which petitioner relates. Therefore, there is no showing of reasonable or due diligence on the part of the petitioner in seeking relief.

*See Barreto–Barreto v. United States,* 551 F.3d 95, 101 (1st Cir.2008); *Cordle v. Guarino,* 428 F.3d 46, 48–49 (1st Cir. 2005); *Akins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir.2000). Petitioner's conviction became final on April 10, 2007 and this petition was filed over five years later, over four years too late. To adopt petitioner's argument would be to stand the AEDPA on its head and set the date of an affidavit to toll any limitations period regardless of date, and regardless of excuses or reasons why the information could not have been gotten before, and regardless of what actions petitioner took during the intervening years in order to trigger the exceptional remedy of equitable tolling. Furthermore, the affidavits are globally conclusory and convenient. Santos–Ortiz's affidavit is particularly interesting since the court is lead to believe that not calling a convicted double murderer doing a life sentence to the witness stand is other than a strategic decision. Even a relatively inexperienced attorney would think three times before presenting an easily impeachable witness as a defense witness. And the inconsistency related as to Elin's testimonies is of little import and insufficient to shock the conscience or even raise an eyebrow.

As in other cases where the language issue is raised, I am not ignoring the fact that petitioner does not read or write English. This is a common complaint of prisoners from this court. *See Espinal–Gutierrez v. United States,* 887 F.Supp.2d 361, 366 (D.P.R.2012); *Encarnacion–Montero v. United States,* 2014 WL 3812678 at *9 (D.P.R. Feb. 10, 2014). It strains credulity that with the growing rate of the Hispanic population in the national prison system, there were no bilingual inmates, nor correctional personnel nor inmate law clerks, or jailhouse lawyers, which could assist petitioner in timely exercising his rights, something many

prisoners do, and something that has obviously happened in this case, but in 2012. Having difficulty with the English language is not an extraordinary circumstance to justify tolling the time requirement in § 2255. *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir.1988); *Berroa Santana v. United States,* 939 F.Supp.2d 109, 115–16 (D.P.R.2013); *Santana v. United States,* 980 F.Supp.2d at 137; *Torres–Santiago v. United States,* 865 F.Supp.2d 168, 183 (D.P.R.2012); *Pava v. United States,* 2011 WL 1337510 at *4 (M.D.Fla.2011), citing *United States v. Montano,* 398 F.3d 1276, 1280, n. 5 (11th Cir.2005); *see Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002); *cf. Encarnacion–Montero v. Sanders,* 2014 WL 3751940 at *5 (C.D.Cal. July 29, 2014). Petitioner's argument is undeveloped notwithstanding a fellow inmate apparently writing his comprehensive briefs. Ignorance of the law in relation to the one year statute of limitations, which ignorance petitioner professes, is not an excuse not to comply with the same. *Perocier–Morales v. United States,* 887 F.Supp.2d 399, 413 (D.P.R. 2012); *Melendez–Perez v. United States,* 467 F.Supp.2d 169, 173 (D.P.R.2006). There are no facts presented which fall under the purview of 28 U.S.C. 2255(f)(4). In any event, I am forced to conclude that petitioner's claim is time-barred. *See Trenkler v. United States,* 268 F.3d at 24–27. But I will discuss the substance of the claim and the lack of merit in the same.

## IV. ANALYSIS

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). A cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident. *David v. United States,* 134 F.3d at 474 (citing *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468).

"[A] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' " *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993) (citing *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)); *see Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992); *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir.1978); see also Rule 4(b), Rules Governing Section 2255 Proceedings. "[D]efendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief.... This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." *United States v. DiCarlo,* 575 F.2d at 954 (citing *Coon v. United States,* 441 F.2d 279, 280 (5th Cir. 1971)).

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed a "letter-perfect defense or a successful defense...." *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993) (citing *United States v. Natanel,* 938 F.2d 302, 309–10 (1st Cir.1991)). "[N]ot every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States,* 199 F.3d 37, 48 (1st Cir.1999).

The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996); *Knight v. United States,* 37 F.3d 769, 774 (1st Cir. 1994). Under the test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, petitioner Rodriguez–Rivera has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky,* 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994); *Lema v. United States,* 987 F.2d at 51; *López–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990).

In order to satisfy the first-prong of the aforementioned test, petitioner Rodriguez–Rivera "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.' " *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner Rodriguez–Rivera must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d at 23 (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of

hindsight." *Argencourt v. United States*, 78 F.3d at 16 (citing, *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp*, 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Argencourt v. United States*, 78 F.3d at 16 (citing *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. 2052). Thus, petitioner Rodriguez–Rivera must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States*, 37 F.3d at 774 (citing *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052).

"In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defense." U.S. Const. amend. 6. The right to counsel is "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), citing, among others, *Powell v. Alabama*, 287 U.S. 45, 57, 53 S.Ct. 55, 55–60, 77 L.Ed. 158 (1932). To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052.

I add that petitioner *pro se* is entitled to have his pleadings reviewed under a lesser pleading standard. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Campuzano v. United States*, 976 F.Supp.2d 89, 97 (D.P.R.2013); *Jeffries v. Fields*, 2014 WL 994908 at *20 (C.D.Cal. March 10, 2014); *Proverb v. O'Mara*, 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). Nevertheless, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997); *Boudreau v. Englander*, 2009 WL 2602361 at *1 (D.N.H. Aug. 24, 2009).

## A. DEFENSE COUNSEL'S ATTESTED INEXPERIENCE

Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight...." *Id.*

The trial record as well as the opinion of the court of appeals reflect a trial where counsel's performance was subjected to the normal scrutiny of a vigilant judge. *See United States v. Rodriguez–Rivera*, 473 F.3d at 26–29. The criticisms were relatively mild, stronger comments were made when necessary, some at the bench and some outside the presence of the jury, and the judge gave cautionary instructions to the jurors about how they were to ignore the zeal of defense counsel. *Id.* at 28–29. The trial reflects a vigorous defense, as can be gleaned from the summary of the court of appeals. The court notes that two of the important government witnesses

were effectively cross-examined. *Id.* at 26. This includes the government's star witness Elin Lugo Echevarria[6]. *Id.* at 24. Petitioner was acquitted on four of the six counts, that is, of aiding and abetting the robberies and the use of a firearm to commit them. This notwithstanding the testimonies of Raul Rodriguez–Torres, whom petitioner had told of the plan to rob Narbel before the robbery, and of Guillermo Luis Rigual Almodovar, a co-worker petitioner had enlisted in an apparently unsuccessful attempt to find a buyer for the beer, and with whom he had discussed his involvement in the robbery. *See United States v. Rodriguez–Rivera,* 473 F.3d at 24. The firearm violations carried a maximum sentence of any number of years and had to be served consecutively to the predicate crime of violence. Title 18, United States Code § 924(c)(1)(A)(ii). Therefore counsel was partially and portentously successful in his defense, and that partial success secured a lesser sentence for petitioner.

Pretrial motions reflect adequate representation, in particular related to companion indictments where the two other criminal participants were charged and received lengthy sentences, Santos–Ortiz having been the recipient of a life sentence. (Crim. No. 04–0158, Docket Nos. 15, 18). Contrary to petitioner's argument regarding the lack of challenge to the co-conspirator statements, defense counsel moved to exclude the same. (Crim. No. 04–0158, Docket No. 21). In denying the motion, the court admonished counsel as to the tardiness of the motion. (Crim. No. 04–0158, Docket No. 23). In any event, co-conspirator statements are traditionally ruled on during trial when the judge makes appropriate findings. Any statements of petitioner made in the presence of coconspirators, if made during and in furtherance of the conspiracy could be used against petitioner under Federal Rule of Evidence 801(d)(2)(E). *See United States v. Mangual–Garcia,* 505 F.3d 1, 7–8 (1st Cir.2007); *United States v. Lopez–Gutierrez,* 83 F.3d 1235, 1241 (10th Cir. 1996); *Campuzano v. United States,* 976 F.Supp.2d at 108. The court inevitably made a finding at the appropriate time during the trial as to the existence of the conspiracy and the admission of codefendant statements under Federal Rule of Evidence 801. Currently, the ruling of admissibility is made at the close of all of the evidence after the statements are provisionally admitted. *United States v. Ciresi,* 697 F.3d 19, 25 (1st Cir.2012); *United States v. Ciampaglia,* 628 F.2d 632, 638 (1st Cir.1980); *also see Bourjaily v. United States,* 483 U.S. 171, 180–81, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *United States v. Fernandez–Hernandez,* 652 F.3d 56, 74 (1st Cir.2011); *United States v. James,* 590 F.2d 575, 582 (5th Cir.1979); *United States v. Petrozziello,* 548 F.2d 20, 23 (1st Cir. 1977); *United States v. Honneus,* 508 F.2d 566, 577 (1st Cir.1974), cert. denied 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975); *United States v. Rosario–Camacho,* 733 F.Supp.2d 248, 261–62 (D.P.R. 2010). But rather than nitpick counsel's performance, I review the totality of the information presented and find that petitioner was adequately represented, a conclusion sustained by the motion practice and the appellate opinion, notwithstanding the commonplace affidavits submitted by petitioner. After the verdict where peti-

---

**6.** Elin Lugo–Echevarria entered a guilty plea March 26, 2003 and was sentenced on August 29, 2003 to a total of 157 month imprisonment for violations of 18 U.S.C. § 1951(a) and 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. The sentence was subject to what appears to be a successful Fed.R.Crim.P. 35(b) motion on February 15, 2005. (Lugo–Echevarria testified in Crim. No. 04–158 on July 27–29, 2004).

tioner was convicted on Counts One and Four and acquitted on Two, Three, Five, and Six, petitioner's counsel renewed the Fed.R.Crim.P. 29 motion for judgment of acquittal. Crim. No. 04–0158, Docket No. 42. The totality of the performance includes in some measure the actual result of counsel's efforts in this case. Petitioner may consider his a Pyrrhic victory. But the heinous nature of the violent crimes would have invited greater sentences than those received, especially after the court applied the sentencing factors of 18 U.S.C. § 3553(a) as it did here. *United States v. Rodriguez–Rivera,* 473 F.3d at 29–30. Therefore, the allegations of ineffective assistance of counsel are meritless.

## B. ACTUAL INNOCENCE

Petitioner argues that since he is actually innocent, the statute of limitation begins to run from the date of Santos–Ortiz's affidavit, citing *Perkins v. McQuiggin, supra.* Petitioner may overcome procedural default by demonstrating his actual factual innocence. *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), cited in *Fernandez–Malave v. United States,* 502 F.Supp.2d 234, 239 (D.P.R. 2007). Petitioner must demonstrate that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." *Schlup v. Delo,* 513 U.S. at 327, 115 S.Ct. 851, cited in *Parrilla–Tirado v. United States,* 445 F.Supp 2d 199, 201 (D.P.R.2006); *Ramirez–Burgos v. United States,* 990 F.Supp.2d 108, 121 n. 11 (D.P.R.2013). The evidence must be both new and reliable. In stronger terms, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo,* 513 U.S. at 327, 115 S.Ct. 851, citing *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

There is no new and reliable evidence present here. The three affidavits tell different stories. They are not a unified and reliable story of actual innocence. Petitioner's affidavit is simply and understandably self-serving. Santos–Ortiz's affidavit is conclusory and not meriting credibility under the circumstances. The attorney affidavit is a banal act of contrition of no import under the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052. This is Monday-morning quarterbacking at its best, including the affidavit of defense and appellate counsel Armenteros–Cervoni who did not seek a habeas corpus as testificandum for Santos–Ortiz, and who predicts an acquittal if Santos–Ortiz would have been present. *See Panzardi–Alvarez v. United States,* 879 F.2d 975, 983 (1st Cir.1989); *United States v. Thomann,* 609 F.2d 560, 566 (1st Cir.1979); cf. *Castillo v. Matesanz,* 348 F.3d 1, 15 (1st Cir.2003). At the same time he almost makes a Sixth Amendment confession in the process. But the test is not one of contrition but one of objectivity and this case does not alter the standard. It was clearly objectively reasonable not to present Santos–Ortiz as a witness.

Petitioner relies on a supplementary authority, *Perkins v. McQuiggin,* 670 F.3d 665. There the district court determined that petitioner could show neither due diligence nor exceptional circumstances to apply equitable tolling. A certificate of appealability was granted by the Sixth Circuit to determine whether reasonable diligence was a precondition to reliance on actual innocence. But the Supreme Court noted that the district court's determination that petitioner's showing was insufficient to meet *Schlup v. Delo's* actual innocence standard, appeared to be dispositive in their view. *McQuiggin v. Perkins,* 133 S.Ct. at 1936. In any event, reliance on the circuit decision is mistaken. And pre-

dictably, the district court on remand dismissed petitioner's case as barred by the statute of limitations. *Perkins v. McQuiggin*, 2013 WL 4776285 (W.D.Mich. Sept.4, 2013).

## V. CONCLUSION

"Under *Strickland v. Washington*, … counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." *Arroyo v. United States*, 195 F.3d 54, 55 (1st Cir. 1999); *Campuzano v. United States*, 976 F.Supp.2d at 120. Petitioner has not satisfied the first prong of the noted two-part test. *See Espinal–Gutierrez v. United States*, 887 F.Supp.2d at 378. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment.

In view of the above, I find that petitioner Rodriguez–Rivera has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses*, 329 F.3d 253, 265 (1st Cir. 2003). Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. *See Moreno–Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012), citing *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir.2010); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 104 S.Ct. 2052). It is impossible to find that any claimed error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States*, 37 F.3d at 772, quoting *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. 468.

Federal habeas relief is reserved only for the poorest performances and errors of constitutional consequence. It is an extraordinary remedy. It is granted by exception and not by design. A lawyer's mea culpas years after he supposedly made a legal or tactical error at trial, without which he would have secured an acquittal is gossamer speculation and the antithesis of an objective standard of reasonableness. *See Encarnacion–Montero v. United States*, 34 F.Supp.3d 202, 205 (D.P.R.2014). The random service of an attorney waiting for free transcripts at the state level is not cause to file a late 2255 motion since the vaguely impeaching and not thunder clapping information about Elin Lugo Echevarria's contradiction was initially available without those transcripts. Petitioner's complaint that counsel did not attack the subject matter jurisdiction based upon the interstate commerce connection is too ethereal to weigh and is wholly undeveloped. It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n. 3 (1st Cir.2005); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990). Thus is the jurisdictional argument even in a Sixth Amendment context. Equitable tolling "should be invoked only sparingly." *Ramos–Martinez v. United States*, 638 F.3d at 322, cited in *Estabrook v. Gerry*, 2011 WL 5330787 at *4 (D.N.H. September 8, 2011). This is not such a case.

I find that petitioner's motion under 2255 is clearly time-barred and otherwise meritless. In view of the above, I recom-

mend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Based upon the above, I also recommend that no certificate of appealability be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *School Union No. 37 v. United Nat'l Ins. Co.,* 617 F.3d 554, 564 (1st Cir. 2010); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982).

At San Juan, Puerto Rico, this 11th day of August 2014.