BESOSA, District Judge.
Plaintiff-petitioner Alexander Mojica-Garay ("Mojica") moves to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Civil Docket No. 1.) Defendant-respondent United States of America ("government") opposes Mojica's motion. (Civil Docket No. 13.) For the reasons set forth below, the Court DENIES Mojica's motion to vacate his sentence. (Civil Docket No. 1.)
I. Factual Background
On October 22, 2015, a federal grand jury returned an indictment charging Mojica *358 with: (1) possession of a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (" section 924(c)(1)(B)") ("count one"); (2) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. section 924(c)(1)(A)(i) (" section 924(c)(1)(A)") ("count two"); and (3) possession of a controlled substance with intent to distribute in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C) (collectively, " section 841") ("count three"). (Criminal Docket No. 11.)
On February 10, 2016, Mojica "ple[d] guilty to Counts Two and Three of the Indictment" pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A-B) (" Rule 11"), and in exchange, the government agreed to dismiss count one of the indictment. (Criminal Docket No. 45 at pp. 1, 5-6; Criminal Docket No. 92 at pp. 10-11.) Pursuant to the plea agreement, Mojica "waive[d] and surrender[ed] his right to appeal [his] judgment and sentence in this case." (Criminal Docket No. 45 at p. 6.) He also affirmed that he was "satisfied with counsel, ... and assert[ed] that counsel [ ] rendered effective legal assistance." Id. Mojica signed every page of the plea agreement in acknowledgement of its terms and conditions, and including his agreement to the Stipulation of Facts made part of his plea agreement. See Criminal Docket No. 45.
At Mojica's change of plea hearing, the Court questioned Mojica in accordance with Rule 11. See Criminal Docket No. 92.[2] Mojica stated, "I accept my guilt for the 924(c) case because I am aware that I committed a fault and for which today, on February 10, I do. I come here before you, Your Honor, and I raise my hand. And I do state that I am guilty to this 924(c) charge." Id. at p. 5. Mojica confirmed that he received a copy of the pending indictment, that he discussed the charges in the indictment and his decision to plead guilty with his attorney, and that he was fully satisfied with the counsel, representation, and advice provided by his attorney. Id. at p. 6. Mojica also verified that he understood the terms of his plea agreement and that he waived and surrendered his right to appeal his sentence and the judgment in the case. Id. at pp. 12-13. The Court accepted Mojica's guilty plea and sentenced him "for a term of 120 months as to Count Two and 8 months as to Count Three, to be served consecutively to each other, for a total term of imprisonment of 128 months." (Criminal Docket No. 93 at p. 17; see Criminal Docket No. 92 at p. 21.)
On April 30, 2017, Mojica filed a motion to vacate, set aside and correct his sentence, arguing that he should not have been convicted of count two of the indictment regarding section 924(c)(1)(A) pursuant to 28 U.S.C. section 2255. (Civil Docket No. 1 at p. 13.)[3]
*359 II. Standard of Review
Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ).
In determining the validity of a guilty plea, a court evaluates "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (citations omitted). A plea is not considered voluntary if it was the result of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A claim for ineffective assistance of counsel is a "constitutional one, and thus falls within the plain wording of [ section] 2255." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). A claim for ineffective counsel also falls within the scope of the Sixth Amendment of the United States Constitution. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to ... the assistance of counsel for his defense.").
The United States Supreme Court has set forth a two-part test to determine whether a defendant was deprived of effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; see Hill v. Lockhart, 474 U.S. at 58, 106 S.Ct. 366 ("[T]he two-part Strickland v. Washington test [also] applies to challenges to guilty pleas based on ineffective assistance of counsel."). First, a "[defendant] must demonstrate[ ] ... 'counsel's representation fell below an objective standard of reasonableness.' " United States v. Ramos, 810 F.2d 308, 314 (1st Cir. 1987) (quoting Hill v. Lockhart, 474 U.S. at 57, 106 S.Ct. 366 ).[4] Second, a defendant must establish "that there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. 366 ). "Thus, the [defendant] must demonstrate both incompetence *360 and prejudice. Failure to prove one element proves fatal for the other." Deering v. United States, 219 F.Supp.3d 283, 288 (D.P.R. 2016) (Pérez-Giménez, J.) (citing United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012) ).
"To prevail on a section 2255 motion, [defendants] must demonstrate ineffective assistance of counsel by a preponderance of the evidence." United States v. Montijo-Maysonet, No. 16-242, 318 F.Supp.3d 522, 533, 2018 WL 3005824, at *8, 2018 U.S. Dist. LEXIS 100946, at *20 (D.P.R. June 14, 2018) (Besosa, J.) (citing Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) ).
III. Discussion
Mojica argues that the Court should vacate his section 924(c)(1)(A) conviction and sentence claiming that: (1) in light of Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), section 924(c)'s residual clause is unconstitutionally vague; and (2) he received ineffective assistance of counsel. (Civil Docket No. 1, Ex. 1.) The Court disagrees.
A. The Holding of Johnson Does Not Apply to Section 924(c) Crimes
Johnson held that the residual clause in 18 U.S.C. section 924(e)(2)(B) was "unconstitutionally vague." Ortiz-Humphreys v. United States, No. 16-2230, 2017 U.S. Dist. LEXIS 220053, at *3 (D.P.R. Apr. 9, 2017) (Domínguez, J.) (citing Johnson, 135 S.Ct. at 2557 ). In Johnson, the Supreme Court found that a "violent felony" under section 924(e) was inadequately defined because it left "grave uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes for a crime to qualify as a violent felony." Johnson, 135 S.Ct. at 2557-58.
Section 924(c)'s residual clause's definition of a "crime of violence," however, is not "unconstitutionally vague." See United States v. Hernández, 228 F.Supp.3d 128, 141 (D. Me. 2017).[5] "In Johnson, the Supreme Court explicitly stated that it was only declaring the residual clause of [ section] 924(e) unconstitutionally vague, while leaving the rest of the statute intact, and significantly limiting the ruling's encroachment on seemingly similar statutes. " Medina-Villegas v. United States, No. 14-1113, 2016 WL 4079458, at *, 2016 U.S. Dist. LEXIS 99871, at *15-16 (D.P.R. July 29, 2016) (Pérez-Giménez, J.) (emphasis added) (citing Johnson, 135 S.Ct. at 2561 ). "[T]he Circuit Courts, including the First Circuit ... all have held that Johnson did nothing to alter the applicability of Section 924(c)." Ortiz-Humphreys, 2017 U.S. Dist. LEXIS 220053, at *7 (citing United States v. Taylor, 848 F.3d 476 (1st Cir. 2017) ); see Hernández, 228 F.Supp.3d at 141.[6]
*361 B. Mojica Did Not Receive Ineffective Assistance of Counsel
Mojica's contention that he received ineffective assistance of counsel is unpersuasive. Mojica alleges that his attorney was ineffective because his attorney failed to: (1) warn Mojica that his "sentence could not be challenged or changed without direct appeal" after signing the plea agreement, and (2) inform Mojica that signing the plea agreement involved a waiver of direct appeal. (Civil Docket No. 1, Ex. 1 at pp. 1 & 3.) Although Mojica claims that his attorney failed to explain the ramifications of his guilty plea, Mojica made contradictory representations in his plea agreement, change of plea hearing, and sentencing hearing, which undermine the assertions presented in his motion. See Restucci v. Spencer, 249 F.Supp.2d 33, 45 (D. Mass. 2003) ("Indeed, the Supreme Court has held that there is a 'strong presumption of verity' that attaches to statements made in 'open court.' ") (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ).
In the plea agreement, Mojica confirmed his understanding that his guilty plea would "waive[ ] and surrender[ ] his right to appeal judgment and sentence in this case." (Criminal Docket No. 45 at p. 6.) Mojica represented that he was satisfied with counsel and that counsel delivered effective legal assistance. Id. According to the agreement, Mojica plead "guilty freely and voluntarily because he is guilty." Id. at p. 9. In the agreement's "understanding of rights" section, Mojica acknowledged that the agreement was translated into Spanish for his understanding, that he comprehended all of his rights in relation to the indictment, and that he had reviewed and understood "every part" of the agreement. Id. at p. 10. Mojica signed every page of the plea agreement to validate his understanding, including his agreement to the Stipulation of Facts. See id. at pp. 1-10, 12.
Mojica made similar representations at the change of plea hearing. (Criminal Docket No. 92.) The Court asked Mojica, "Do you underst[and] that if [the Court] do[es] sentence you according to the ... plea agreement, you waive and surrender your right to appeal your sentence and the judgment in the case?" Id. at p. 13. Mojica responded, "I understand." Id. Mojica also recognized that in exchange for his guilty plea to counts two and three of the indictment, the government "agree[d] to dismiss the remaining counts of the indictment at sentencing, including the [ section] 924(c) machine gun count, which would carry a mandatory minimum sentence of 30 years." Id. at pp. 10-11. "The parties also agree[d] that [Mojica] [was] entitled to a two level downward adjustment for acceptance of responsibility." Id. at p. 11.
Mojica made clear representations to the Court that he understood the ramifications of his guilty plea. Throughout the plea and sentencing phases, Mojica's attorney and the Court explained all steps to Mojica, including the consequences of his guilty plea. (Criminal Docket No. 92 at pp. 10-13; Criminal Docket No. 93 at pp. 10-11, 21; Criminal Docket No. 25 at pp. 6-10.) All proceedings were conducted in a careful and candid manner to ensure that Mojica *362 understood he was waiving his right to appeal, and to safeguard that Mojica was waiving his right knowingly and voluntarily. See United States v. De La Cruz-Castro, 299 F.3d 5, 12 (1st Cir. 2002) (holding that defendant's waiver of appeal was voluntary where "the district court [ ] asked [defendant] and his counsel if he knew 'that by entering into this plea agreement and entering a plea of guilty [he] would have waived or given up [his] right to appeal all or part of [his] sentence' " and the defendant answered yes). Indeed, Mojica possessed legitimate incentives to plead guilty. The government offered to dismiss count one in order for Mojica to receive a sentence lower than the 30-year minimum sentence he would have received had he pled to count one. See United States v. Oakes, 411 F.Supp.2d 1, 4 (D. Me. 2006) (quoting Brady v. United States, 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ) ("Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted."); Gutierrez v. United States, 887 F.Supp.2d 361, 375 (D.P.R. 2012) (Arenas, Mag. J.) ("If one compares the representations in court and in the [motion], there appears no credible evidence to support [the defendant]'s claim that his attorney's representation fell below an objective standard of reasonableness, nor does the record support that but for the alleged errors by the attorney, [the defendant] instead of pleading guilty would have proceeded to trial, or stood fast for a more favorable plea offer.").
Mojica's argument is conclusory and unsupported by the record. See Restucci, 249 F.Supp.2d at 45 (defendant "produced no evidence beyond his self-serving affidavit and the affidavits of members of his family to corroborate his" ineffective assistance of counsel claim). Because Mojica's sentence was not imposed "in violation of the Constitution," see David, 134 F.3d at 474, the Court DENIES Mojica's motion to vacate his guilty plea. (Civil Docket No. 1.)[7]
IV. Conclusion
For the reasons discussed above, Mojica's motion to vacate his guilty plea is DENIED . (Civil Docket No. 1.) This case is now closed for statistical purposes.
IT IS SO ORDERED.

Rule 11 states, in relevant part:
Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands [the consequences of pleading guilty.]
Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).
Fed. R. Crim. P. 11(b)(1-2).

In order for a prisoner to effectively vacate his or her sentence, he or she must file a motion to vacate within one year from "the date on which judgment bec[ame] final." 28 U.S.C. § 2255(f)(1). The Court sentenced Mojica on May 10, 2016. (Civil Docket No. 1 at p. 1; Criminal Docket No. 93 at p. 1.) On April 30, 2017, Mojica filed a motion to vacate his guilty plea. (Civil Docket No. 1 at p. 13.) Because Mojica's motion to vacate his guilty plea falls within the one year period, Mojica's motion is timely. See Cruz-Danzot v. United States, No. 17-1229, 2017 WL 1401286, at *1, 2017 U.S. Dist. LEXIS 61067, at *1 (D.P.R. Apr. 18, 2017) (Delgado-Colón, J.) (holding that for purposes of 28 U.S.C. section 2255"[j]udgment bec[omes] final ... fourteen days after [sentencing], when petitioner fail[s] to timely appeal [ ] pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i)") (internal citation omitted).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. In relation to the first element, "[b]ecause of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be 'highly deferential' and indulge a strong presumption that the challenged action 'might be considered sound trial strategy.' " Espinal-Gutiérrez v. United States, 887 F.Supp.2d 361, 377 (D.P.R. 2012) (Arenas, Mag. J.) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052 ).

"Section ... 924(c)(3)(B) [is commonly referred to] as the 'residual clause.' " United States v. Hernandez, 228 F.Supp.3d at 132-33. Section 924(c)'s residual clause defines the term "crime of violence" as "an offense that is a felony and ... by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. (quoting 18 U.S.C. § 924(c)(3)(B) ).

Hernández distinguishes the residual clauses in section 924(e) and 924(c) :
[S]everal factors distinguish the [section 924(e) ] residual clause from [section] 924(c).... First, the statutory language of [section] 924(c)... is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the [section 924(e) ] residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in [section] 924 [ (c) ] .... Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to [section] 924(c).... Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the [section 924(e) ] residual clause, and only some of those circumstances apply to [section] 924(c)....
Hernández, 228 F.Supp.3d at 141 (internal citations omitted).

Because Mojica never requested an evidentiary hearing pursuant to 28 U.S.C. § 2255(b), this Court need not grant one. See Corporán-Cuevas v. United States, No. 02-2514, 2003 WL 22038647, at *18, 2003 U.S. Dist. LEXIS 15041 at *52 (D.P.R. May 14, 2003) (Delgado-Colón, Mag. J.) (citing David, 134 F.3d at 477 ) ("As is well known, a [section] 2255 petitioner is not entitled to an evidentiary hearing as a matter of right."); Román - Portalatín v. United States, No. 12-1687, 2012 U.S. Dist. LEXIS 190989 at *14 (D.P.R. Dec. 26, 2012) (Arenas, Mag. J.) (quoting United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) ) ("[I]t has been held that an evidentiary hearing is not necessary if the [section] 2255 motion is inadequate on its face or if, even though facially adequate, 'is conclusively refuted as to the alleged facts by the files and records of the case.' ").